OPINION OF THE COURT
Edward J. Amann, Jr., J.
The petitioner[1] herein, Thomas C. Jorling, as Commissioner of the New York State Department of Environmental Conservation (hereinafter referred to as the DEC), seeks a judgment pursuant to CPLR article 78:
(1) annulling the decisions of the Freshwater Wetlands Appeals Board (hereinafter referred to as the Board) in the above-captioned proceedings, to the extent that the decisions of the Board determined that the Board had jurisdiction to hear the appeals pursuant to ECL 24-1104; and
(2) declaring that the Board had no jurisdiction over the appeals pursuant to ECL 24-1104.
The respondent Board opposes the instant application arguing that it has the right to determine the scope of its authority and that its determination, based upon legislative intent, was correct and reasonable. The Board also argues that the DEC has failed to exhaust its administrative remedies and that, accordingly, the petition should be dismissed.
STATEMENT OF FACTS[2]
In 1975 the Freshwater Wetlands Act was enacted by the New York State Legislature. Its purpose was to protect the freshwater wetlands and regulate their use and development. In pursuit of its mandate the DEC conducted surveys and mapped various wetlands in New York State.
In 1981 the DEC prepared a tentative map for Staten Island. The map designated approximately 700 parcels as potential wetland sites. After public hearings concerning the tentative map had been held, a second tentative map was filed in 1986, which included several hundred additional acres of wetlands. Thereafter, on September 1, 1987, a final freshwater wetlands map was promulgated and filed.
*139 As a result of the "double mapping” numerous lawsuits were filed challenging the second mapping. The challenges were ultimately dismissed by the Court of Appeals (see generally, Matter of Wedinger v Goldberger, 71 NY2d 428). However, that did not dissuade the Legislature from attempting to alleviate the perceived inequity. As a result ECL 24-1104 was enacted.
The preamble to the section states in pertinent part that (L 1987, ch 408, § 1): "The legislature hereby finds and declares that the mapping of freshwater wetlands in Richmond county has created undue hardship for many property owners because of the mapping process.”
As a result of the enactment, the Freshwater Wetlands Appeals Board was entrusted with the task of eliminating any undue hardship.
The present appeals arise as a result of the actions of the DEC in submitting to various landowners copies of maps, together with memoranda that indicated that their parcel or portions thereof may have been incorrectly included in the original tentative freshwater wetlands map filed in 1981.
The DEC argues that the jurisdiction of the Board is limited to appeals concerning property which was not on the 1981 map. Accordingly, the DEC continues, since the two properties in question were on the 1981 tentative map the Board may not assert jurisdiction.
In support of its argument the DEC relies on the specific language of the enabling legislation in which the Board is: "empowered to review the tentative or final designation or any order or decision of the commissioner pursuant to this article with resect [sic] to any privately owned parcel of land or part thereof owned on January first, nineteen hundred eighty-seven located in Richmond county which did not contain a designation as a freshwater wetland on the tentative freshwater wetland map filed in the office of the clerk of Richmond county in nineteen hundred eighty-one.” (ECL 24-1104 [1].)
The Board argues that the remedy provided for in section 1104 (1) is applicable to a situation, such as the one sub judice, where supplemental indications were given to land owners that the original map may have erroneously identified their property as a wetland parcel.
The Board also argued that the DEC’S petition is deficient in that it failed to seek a rehearing prior to seeking judicial *140 intervention, as permitted by the Board’s regulations (6 NYCRR 647.17).
Courts have never required a party to seek a rehearing that is futile; such would have been the case had the DEC sought a rehearing before the Board. Accordingly, the court rejects the technical challenge to the petition.
Turning to the merits of the petition, the court finds that the arguments raised by the Board raise serious questions concerning the manner in which the DEC handled the remapping. Not only did its employees mislead the owners of parcels, which may have been the result of errors on its part, but then the DEC sought to argue that these people were not harmed by its actions. Notwithstanding the questionable actions of the DEC, which appears to be endemic, the court is constrained to find that the Board is without jurisdiction to redress these grievances.
The jurisdiction of the Board to hear double mapping cases grew out of the action of the DEC in filing a second tentative map in 1986. The legislation granting jurisdiction was aimed at the problem of double mapping — and nothing else. It was quite specific. The Board’s attempt to graft amendatory jurisdiction to this remedial legislation, while for a laudable purpose, is nevertheless improper. It is for the Legislature, which granted the original jurisdiction, to expand the jurisdiction of the Board to consider such pernicious actions. Neither the Board nor the judiciary should usurp its right to do so, whether explicitly or under the guise of attempting to interpret the language of the statute.
A review of the language of the section in question, as well as a reading of the floor debate, makes it eminently clear that the intention was to grant jurisdiction over a limited class of cases. Accordingly, the maxim: "expressio unius est exclusio alterius”,[3] is applicable (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 240). Therefore, while in general, the court will uphold any reasonable interpretation of an agency responsible for the administration of a statute, it cannot do so in the present case.
*141 Accordingly, it is ordered, adjudged and decreed, that the petitions of the Department of Environmental Conservation is granted and the Board’s decisions and orders of May 12, 1993 in FWAB proceeding number 88-44 (Appeal of Biderman), and FWAB proceeding number 87-62 (Appeal of McLaughlin Dev. Co.), are vacated.

. The above petitions are consolidated for the purpose of this memorandum-decision because they present identical issues for the court’s determination.

. The court will attempt to skeletonize the statement of facts giving only the briefest recitation of the history of the Wetlands Act.

. Loosely translated the maxim provides that where a legislative enactment expressly refers to a specific person or group to be included, all other persons or groups are deemed to have been excluded.